1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA TURNER,<br><br>          Plaintiff,<br><br>     v.<br><br>AMAZON.COM SERVICES LLC, et al.,<br><br>          Defendants. | Case No. 2:24-cv-00993-DAD-CSK<br><br>ORDER GRANTING MODIFIED<br>STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 9) |

The Court has reviewed the parties' stipulated protective order below (ECF No. 9), and finds it comports with the relevant authorities and the Court's Local Rule. *See* L.R. 141.1. The Court APPROVES the protective order, subject to the following clarification.

The Court's Local Rules indicate that once an action is closed, it "will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); *see Bylin Heating Sys., Inc. v. Thermal Techs., Inc.*, 2012 WL 13237584, at *2 (E.D. Cal. Oct. 29, 2012) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the Court will not retain jurisdiction over this protective order once the case is closed.

Dated:  January 23, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, turn0993.24

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE
ORDER - Case No. 24-cv-00993-DAD-CSK

1  Douglas E. Dexter (State Bar No. 115868)
   ddexter@fbm.com
2  Jaya B. Narang (State Bar No. 317909)
   jbnarang@fbm.com
3  Jacqueline M. Gerson (State Bar No. 351165)
   jgerson@fbm.com
4  Farella Braun + Martel LLP
   One Bush Street, Suite 900
5  San Francisco, California 94104
   Telephone: (415) 954-4400
6  Facsimile: (415) 954-4480

7  Attorneys for Defendant AMAZON.COM
   SERVICES LLC

8

9                  UNITED STATES DISTRICT COURT

10       EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

11

12  ANNA TURNER, as an Individual,          Case No. 24-cv-00993-DAD-CSK

13              Plaintiff,                   [~~PROPOSED~~] STIPULATED
                                             PROTECTIVE ORDER
14       vs.

15  AMAZON.COM SERVICES LLC, a
    Delaware Limited Liability Company; and
16  DOES 1 through 10, inclusive,

17              Defendants.

18

19  1.      PURPOSES AND LIMITATIONS

20          Disclosure and discovery activity in this action are likely to involve production of

21  confidential, proprietary, or private information for which special protection from public disclosure

22  and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly,

23  Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively "Amazon" or

24  "Defendants") and Plaintiff Anna Turner ("Plaintiff") (collectively, "the parties"), by and through

25  their counsel of record, hereby stipulate to and petition the court to enter the following Stipulated

26  Protective Order.

27          As detailed in Paragraph 3, this Protective Order will provide protection for materials in

28  which the Plaintiff or third parties have a legally cognizable privacy interest, such as medical

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

[~~PROPOSED~~] STIPULATED PROTECTIVE        2
ORDER - Case No. 24-cv-00993-DAD-CSK

1  records, employees' personnel records, and documents reflecting disciplinary action taken towards

2  employees. The parties acknowledge that this Order does not confer blanket protections on all

3  disclosures or responses to discovery and that the protection it affords from public disclosure and use

4  extends only to the limited information or items that are entitled to confidential treatment under the

5  applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that

6  this Stipulated Protective Order does not entitle them to file confidential information under seal;

7  Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be

8  applied when a party seeks permission from the court to file material under seal.

9  2.    DEFINITIONS

10      2.1    Challenging Party:  a Party or Non-Party that challenges the designation of

11  information or items under this Order.

12      2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is

13  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

14  Civil Procedure 26(c).

15      2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well

16  as their support staff).

17      2.4    Designating Party:  a Party or Non-Party that designates information or items that it

18  produces in disclosures or in responses to discovery as "CONFIDENTIAL."

19      2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium

20  or manner in which it is generated, stored, or maintained (including, among other things, testimony,

21  transcripts, and tangible things), that are produced or generated in disclosures or responses to

22  discovery in this matter.

23      2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to

24  the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

25  consultant in this action.

26      2.7    House Counsel:  attorneys who are employees of a party to this action. House

27  Counsel does not include Outside Counsel of Record or any other outside counsel.

28      2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal

[PROPOSED] STIPULATED PROTECTIVE          3
ORDER - Case No. 24-cv-00993-DAD-CSK

1    entity not named as a Party to this action.

2        2.9    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action

3    but are retained to represent or advise a party to this action and have appeared in this action on

4    behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

5        2.10    <u>Party</u>:  any party to this action, including all of its officers, directors, employees,

6    consultants, retained experts and investigators, and Outside Counsel of Record (and their support

7    staffs).

8        2.11    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery

9    Material in this action.

10        2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support services

11    (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

12    storing, or retrieving data in any form or medium) and their employees and subcontractors.

13        2.13    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as

14    "CONFIDENTIAL."

15        2.14    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a

16    Producing Party.

17    3.    <u>SCOPE</u>

18        The types of information eligible for protection under this Stipulation and Order include but

19    are not limited to the following: Plaintiff's medical records, third party personnel records, and

20    communications and documents containing proprietary and/or financial information. Courts have

21    routinely recognized a legally cognizable privacy interest in records of this nature. *See e.g.*, *Doe v. A.*

22    *J. Boggs & Co.*, No. 118CV01464AWIBAM, 2019 WL 1517567, at *6 (E.D. Cal. Apr. 8, 2019)

23    (citing *Pettus v. Cole*, 49 Cal. App. 4th 402, 440 (1996)) (ordering discovery of Plaintiffs' medical

24    information as subject to protective order because "California law recognizes a constitutional right to

25    privacy in an individual's medical history"); *Buchanan v. Santos*, No. 1:08-CV-01174-AWI, 2011

26    WL 2112475, at *5 (E.D. Cal. May 26, 2011) (ordering discovery of personnel records as subject to

27    protective order); *Sanchez v. Cty. of Sacramento Sheriff's Dep't*, No. 2:19-CV-01545 MCE AC,

28

[PROPOSED] STIPULATED PROTECTIVE
ORDER - Case No. 24-cv-00993-DAD-CSK            4

1  2020 WL 3542328, at *5 (E.D. Cal. June 30, 2020) (ordering discovery of personnel records as

2  subject to protective order).

3          The protections conferred by this Stipulation and Order cover not only Protected Material (as

4  defined above), but also (1) any information copied or extracted from Protected Material; (2) all

5  copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

6  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

7  However, the protections conferred by this Stipulation and Order do not cover the following

8  information: (a) any information that is in the public domain at the time of disclosure to a Receiving

9  Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

10  publication not involving a violation of this Order, including becoming part of the public record

11  through trial or otherwise; and (b) any information known to the Receiving Party prior to the

12  disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

13  information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

14  Protected Material at trial shall be governed by a separate agreement or order.

15  4.    DURATION

16          Even after final disposition of this litigation, the confidentiality obligations imposed by this

17  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

18  otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

19  defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

20  and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

21  time limits for filing any motions or applications for extension of time pursuant to applicable law.

22  5.    DESIGNATING PROTECTED MATERIAL

23          5.1    Exercise of Restraint and Care in Designating Material for Protection.

24          Each Party or Non-Party that designates information or items for protection under this Order

25  must take care to limit any such designation to specific material that qualifies under the appropriate

26  standards. The Designating Party must designate for protection only those parts of material,

27  documents, items, or oral or written communications that qualify – so that other portions of the

28  material, documents, items, or communications for which protection is not warranted are not swept

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE        5
ORDER - Case No. 24-cv-00993-DAD-CSK

1  unjustifiably within the ambit of this Order.

2       Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

3  to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

4  encumber or retard the case development process or to impose unnecessary expenses and burdens on

5  other parties) expose the Designating Party to sanctions.

6       If it comes to a Designating Party's attention that information or items that it designated for

7  protection do not qualify for protection, that Designating Party must promptly notify all other Parties

8  that it is withdrawing the mistaken designation.

9       5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

10  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

11  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

12  designated before the material is disclosed or produced.

13       Designation in conformity with this Order requires:

14       (a)  for information in documentary form (e.g., paper or electronic documents, but

15  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

16  affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion

17  or portions of the material on a page qualifies for protection, the Producing Party also must clearly

18  identify the protected portion(s) (e.g., by making appropriate markings in the margins).

19  A Party or Non-Party that makes original documents or materials available for inspection need not

20  designate them for protection until after the inspecting Party has indicated which material it would

21  like copied and produced. During the inspection and before the designation, all of the material made

22  available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

23  identified the documents it wants copied and produced, the Producing Party must determine which

24  documents, or portions thereof, qualify for protection under this Order. Then, before producing the

25  specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page

26  that contains Protected Material. If only a portion or portions of the material on a page qualifies for

27  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

28  appropriate markings in the margins).

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE          6
ORDER - Case No. 24-cv-00993-DAD-CSK

1    (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

2    Designating Party identify on the record, before the close of the deposition, hearing, or other

3    proceeding, all protected testimony.

4    (c)  for information produced in some form other than documentary and for any other

5    tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

6    containers in which the information or item is stored the legend "CONFIDENTIAL." If only a

7    portion or portions of the information or item warrant protection, the Producing Party, to the extent

8    practicable, shall identify the protected portion(s).

9    5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

10   designate qualified information or items does not, standing alone, waive the Designating Party's

11   right to secure protection under this Order for such material. Upon timely correction of a

12   designation, the Receiving Party must make reasonable efforts to assure that the material is treated in

13   accordance with the provisions of this Order.

14   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

15   6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

16   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

17   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

18   or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

19   confidentiality designation by electing not to mount a challenge promptly after the original

20   designation is disclosed.

21   6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process

22   by providing written notice of each designation it is challenging and describing the basis for each

23   challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

24   recite that the challenge to confidentiality is being made in accordance with this specific paragraph

25   of the Protective Order. The parties shall attempt to resolve each challenge in good faith within 14

26   days of the date of service of notice. In conferring, the Challenging Party must explain the basis for

27   its belief that the confidentiality designation was not proper and must give the Designating Party an

28   opportunity to review the designated material, to reconsider the circumstances, and, if no change in

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE
ORDER - Case No. 24-cv-00993-DAD-CSK

7

1   designation is offered, to explain the basis for the chosen designation. A Challenging Party may

2   proceed to the next stage of the challenge process only if it has engaged in this meet and confer

3   process first or establishes that the Designating Party is unwilling to participate in the meet and

4   confer process in a timely manner.

5       6.3   <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court

6   intervention, the Designating Party shall file and serve a motion to retain confidentiality as per

7   applicable judicial standing orders and local rules within 21 days of the initial notice of challenge or

8   within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute,

9   whichever is earlier. Each such motion must be accompanied by a competent declaration affirming

10  that the movant has complied with the meet and confer requirements imposed in the preceding

11  paragraph. Failure by the Designating Party to make such a motion including the required

12  declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality

13  designation for each challenged designation. In addition, the Challenging Party may file a motion

14  challenging a confidentiality designation at any time if there is good cause for doing so, including a

15  challenge to the designation of a deposition transcript or any portions thereof. Any motion brought

16  pursuant to this provision must be accompanied by a competent declaration affirming that the

17  movant has complied with the meet and confer requirements imposed by the preceding paragraph.

18      The burden of persuasion in any such challenge proceeding shall be on the Designating

19  Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

20  unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

21  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to

22  retain confidentiality as described above, all parties shall continue to afford the material in question

23  the level of protection to which it is entitled under the Producing Party's designation until the court

24  rules on the challenge.

25  7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

26      7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

27  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

28  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

[PROPOSED] STIPULATED PROTECTIVE
ORDER - Case No. 24-cv-00993-DAD-CSK

8

the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE    9
ORDER - Case No. 24-cv-00993-DAD-CSK

1        (g)  the author or recipient of a document containing the information or a custodian or

2    other person who otherwise possessed or knew the information.

3    8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

4         <u>LITIGATION</u>

5        If a Party is served with a subpoena or a court order issued in other litigation that compels

6    disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

7    must:

8        (a)  promptly notify in writing the Designating Party. Such notification shall include a

9    copy of the subpoena or court order;

10       (b)  promptly notify in writing the party who caused the subpoena or order to issue in the

11   other litigation that some or all of the material covered by the subpoena or order is subject to this

12   Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

13       (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

14   Designating Party whose Protected Material may be affected.

15       If the Designating Party timely seeks a protective order, the Party served with the subpoena

16   or court order shall not produce any information designated in this action as "CONFIDENTIAL"

17   before a determination by the court from which the subpoena or order issued, unless the Party has

18   obtained the Designating Party's permission. The Designating Party shall bear the burden and

19   expense of seeking protection in that court of its confidential material – and nothing in these

20   provisions should be construed as authorizing or encouraging a Receiving Party in this action to

21   disobey a lawful directive from another court.

22   9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS</u>

23        <u>LITIGATION</u>

24       (a)  The terms of this Order are applicable to information produced by a Non-Party in this

25   action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

26   connection with this litigation is protected by the remedies and relief provided by this Order.

27   Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional

28   protections.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE
ORDER - Case No. 24-cv-00993-DAD-CSK

10

1        (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-

2   Party's confidential information in its possession, and the Party is subject to an agreement with the

3   Non-Party not to produce the Non-Party's confidential information, then the Party shall:

4          (1)  promptly notify in writing the Requesting Party and the Non-Party that some or

5   all of the information requested is subject to a confidentiality agreement with a Non-Party;

6          (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in

7   this litigation, the relevant discovery request(s), and a reasonably specific description of the

8   information requested; and

9          (3)  make the information requested available for inspection by the Non-Party.

10       (c)  If the Non-Party fails to object or seek a protective order from this court within 14

11  days of receiving the notice and accompanying information, the Receiving Party may produce the

12  Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

13  seeks a protective order, the Receiving Party shall not produce any information in its possession or

14  control that is subject to the confidentiality agreement with the Non-Party before a determination by

15  the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

16  seeking protection in this court of its Protected Material.

17  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

18       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

19  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

20  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

21  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

22  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

23  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

24  Be Bound" that is attached hereto as Exhibit A.

25  11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

26        MATERIAL

27       When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

28  material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE    11
ORDER - Case No. 24-cv-00993-DAD-CSK

1  are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

2  modify whatever procedure may be established in an e-discovery order that provides for production

3  without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

4  parties reach an agreement on the effect of disclosure of a communication or information covered by

5  the attorney-client privilege or work product protection, the parties may incorporate their agreement

6  in the stipulated protective order submitted to the court.

7  12.    MISCELLANEOUS

8         12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek

9  its modification by the court in the future.

10        12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order

11  no Party waives any right it otherwise would have to object to disclosing or producing any

12  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

13  Party waives any right to object on any ground to use in evidence of any of the material covered by

14  this Protective Order.

15        12.3    Filing Protected Material. Without written permission from the Designating Party or a

16  court order secured after appropriate notice to all interested persons, a Party may not file in the

17  public record in this action any Protected Material. A Party that seeks to file under seal any Protected

18  Material must comply with Civil Local Rules 140 and 141.

19  13.    FINAL DISPOSITION

20        Within 60 days after the final disposition of this action, as defined in paragraph 4, each

21  Receiving Party must return all Protected Material to the Producing Party or destroy such material.

22  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

23  summaries, and any other format reproducing or capturing any of the Protected Material. Whether

24  the Protected Material is returned or destroyed, the Receiving Party must submit a written

25  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

26  by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

27  that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

28  abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE        12
ORDER - Case No. 24-cv-00993-DAD-CSK

1  Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

2  pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

3  correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

4  and expert work product, even if such materials contain Protected Material. Any such archival copies

5  that contain or constitute Protected Material remain subject to this Protective Order as set forth in

6  Section 4 (DURATION).

7  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8

9  Dated:  January 21, 2025                    FARELLA BRAUN + MARTEL LLP

10

11                                             By:      /s/ Jaya B. Narang
                                                        Jaya B. Narang
12
                                               Attorneys for Defendant
13                                             AMAZON.COM SERVICES LLC

14

15  Dated:  January 21, 2025                    WEST COAST TRIAL LAWYERS, APLC

16

17                                             By:      /s/ Ashley J. Garay (as authorized on 1/15/25)
                                                        Ashley J. Garay
18
                                               Attorneys for Plaintiff
19                                             ANNA TURNER

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE              13
ORDER - Case No. 24-cv-00993-DAD-CSK

1

EXHIBIT A

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____ [print or type full name], of _____

4  [print or type full address], declare under penalty of perjury that I have read in its entirety and

5  understand the Stipulated Protective Order that was issued by the United States District Court for the

6  Eastern District of California on [date] in the case of *Anna Turner v. Amazon.com Services, LLC*,

7  Case No. 2:24-cv-00993-DAD-CSK. I agree to comply with and to be bound by all the terms of this

8  Stipulated Protective Order and I understand and acknowledge that failure to so comply could

9  expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

10  disclose in any manner any information or item that is subject to this Stipulated Protective Order to

11  any person or entity except in strict compliance with the provisions of this Order.

12      I further agree to submit to the jurisdiction of the United States District Court for the Eastern

13  District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

14  if such enforcement proceedings occur after termination of this action.

15      I hereby appoint _____ [print or type full name] of

16  _____ [print or type full address and telephone number] as

17  my California agent for service of process in connection with this action or any proceedings related

18  to enforcement of this Stipulated Protective Order.

19

20  Date: _____

21  City and State where sworn and signed: _____

22  Printed name: _____

23  Signature: _____

24

25

26

27

28

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE      14
ORDER - Case No. 24-cv-00993-DAD-CSK